UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WAYNE MINOR,

        Petitioner,

v.

                              Case No. 20-cv-1652-pp

EARNELL R. LUCAS,

        Respondent.

---

**ORDER DISMISSING *HABEAS* PETITION (DKT. NO.1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITHOUT PREJUDICE**

---

On November 2, 2020, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his pretrial detention in the "Milwaukee County Criminal Justice Facility." Dkt. No. 1 at 1. With his petition, the petitioner paid the $5.00 filing fee. The petitioner is not entitled to *habeas* relief. This order denies the petition and dismisses the case without prejudice.

**I.    Background**

    A.    <u>Underlying Cases</u>

The petition refers to two ongoing cases in the Milwaukee County Circuit Court. Dkt. No. 1 at 1. The court has reviewed the publicly available docket for both cases. See State v. Minor, Milwaukee County Case No. 20CF2172; State v. Minor, Milwaukee County Case No. 20CF2193 (both available at https://wcca.wicourts.gov).

1. *Case No. 20CF2172*

In Case No. 20CF2172, the docket indicates that the State filed a criminal complaint against the petitioner on June 16, 2020. State v. Minor, Milwaukee County Case No. 20CF2172 (available at https://wcca.wicourts.gov). As of June 28, 2021, charges of second-degree sexual assault with the use of force and battery with the use of a dangerous weapon remain pending. Id. The circuit court has scheduled a final pretrial conference for August 6, 2021 and a jury trial beginning at 9:00 a.m. on August 16, 2021. Id. As of June 28, 2021, the petitioner remains in custody. http://www.inmatesearch.mkesheriff.org/ (last visited June 28, 2021).

2. *Case No. 20CF2193*

In Case No. 20CF2193, the docket shows that the state filed a criminal complaint against the petitioner on June 19, 2020. State v. Minor, Milwaukee County Case No. 20CF2193 (available at https://wcca.wicourts.gov). As of May 28, 2021, a charge of second-degree sexual assault with the use of force remained pending. Id. The case appears to be related to 20CF2172; the docket shows a pretrial conference scheduled for August 6, 2021 and a jury trial beginning on August 16, 2021. Id. The sheriff's department inmate search web site indicates that the petitioner is in custody for both Case No. 20CF2172 and 20CF2193. http://www.inmatesearch.mkesheriff.org/ (last visited June 28, 2021).

B.  Federal *Habeas* Petition (Dkt. No. 1)

The petitioner argues that the state court "denied his speedy trial demand on October 19, 2020, the day of trial," and in doing so, violated his rights under "the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, . . . the Speedy Trial Act of 1974, the Federal Rules of Criminal Procedure, . . . the Interstate Agreement on Detainers Act" and the Wisconsin Constitution. Dkt. No. 1 at 1-2. Stating that "[t]here is no appeal available in state court," the petitioner concludes that he "has no other available remedy at hand that is adequate and complete to him." Id. at 3. As relief, the petitioner requests a dismissal of "all charges related to Milwaukee County case numbers 20CF2193 and 20CF2172 and or ordering the trial court to immediately release him upon a signature bond." Id. at 4.

## II. Rule 4 Screening

A.  Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345613 at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen" the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

3

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is §2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a state pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent extraordinary circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as cases involving prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B. Analysis

The court must dismiss this case. The petitioner's state court criminal proceedings are ongoing. The petitioner still has what the United States Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances,

4

> where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). This federal court cannot interfere with the ongoing state criminal proceedings. The petitioner has not described any extraordinary circumstances. He has the ability to address his concerns in state court—he may file a motion to suppress evidence or quash his arrest, he may challenge the sufficiency of the evidence by having a jury trial and he may seek release from custody.

Second, the federal *habeas* petition is premature. "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." Crutchfield v. Dennison, 910 F.3d 968, 972 (7th Cir. 2018) (citing Davila v. Davis, ___ U.S. ___, 137 S. Ct. 2058, 2064 (2017)). The publicly available docket indicates that on October 19, 2020 the circuit court adjourned the petitioner's trial date due to the COVID-19 pandemic and denied his bail motion. State v. Minor, Milwaukee County Case No. 20CF2172 (available at https://wcca.wicourts.gov). It does not, however, reflect that the petitioner has presented any of the claims he raises in this federal *habeas* petition to the Court of Appeals or sought review of any Court of Appeals decision in the Wisconsin Supreme Court.

The petitioner argues that there "is no appeal available in state court due to the Wisconsin Supreme Court promulgating" a ruling. Dkt. No. 1 at 3.

5

Although it is not clear, the ruling to which he appears to refer is the Wisconsin Supreme Court's March 22, 2020 order stating that due to the COVID-19 pandemic, while Wisconsin state courts remained open, all *in-person* proceedings were suspended through April 30, 2020. https://www.wicourts.gov/news/docs/remotehearings.pdf. Contrary to the petitioner's assertions, the Wisconsin Supreme Court has not suspended the operation of the state courts, or done away with the appeals process. It required only that state courts use email, teleconferencing and video conferencing in lieu of in-person hearings. The petitioner has remedies available to him in state court, and the state-court docket indicates that he has availed himself of those remedies—since the date he filed this petition, the state dockets show that he has filed discovery demands, requests for bail, speedy trial demands. There have been video hearings. There even was an attempt to start a trial, but the court had to strike the jury panel due to the number of potential jurors stricken for cause. https://wcca.wicourts.gov/.

In sum, the petitioner filed this federal *habeas* petition prematurely. He may not seek *habeas* relief until all three levels of the Wisconsin courts—the circuit court, the court of appeals and the Wisconsin Supreme Court—have had the opportunity to review and rule on his claims.

Finally, the relief the plaintiff seeks—dismissal of pending criminal charges and an order releasing the petitioner from pretrial custody—is relief that only the state court can grant.

For these reasons, the court must dismiss the petition.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

### IV. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of June, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**